UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHEAST ENERGY PARTNERS, LLC,<br>Plaintiff, | )<br>)<br>) |
| v. | ) C.A. 10-cv-30148-MAP<br>)<br>) |
| RALPH MAHAR REGIONAL SCHOOL<br>DISTRICT,<br>Defendant/Third Party Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| CONSTELLATION NEW ENERGY,<br>Third Party Defendant | )<br>) |

## ORDER FOR CERTIFICATION

Upon the joint motion of plaintiff Northeast Energy, LLC ("Northeast"), defendant Mahar Regional School District ("Mahar") and third-party defendant Constellation New Energy, Inc. ("Constellation"), the Court hereby certifies the following questions to the Supreme Judicial Court pursuant to SJC Rule 1:03 with a summary of the factual background.

### Background

1. Mahar is a regional public school district which serves the four towns of Petersham, New Salem, Wendell and Orange in central Massachusetts.

2. Northeast is a licensed broker of energy services which assists customers in procuring electricity. Northeast receives a commission for its services which is included in the

customer's price and disbursed to Northeast by the electricity supplier, in this case Constellation.

3. In 2004, Mahar entered into a written contract with Northeast, entitled "Price Watch Agreement", in which Mahar appointed Northeast as its agent to obtain and execute contracts for the supply of electricity.

4. A copy of the 2004 Price Watch Agreement is attached as Exhibit A.

5. Mahar and Northeast amended the Price Watch Agreement in January 2005.

6. A copy of the January 2005 Amendment to the 2004 Price Watch Agreement is attached hereto as Exhibit B.

7. The Price Watch Agreement and its Amendment were entered into without competitive bidding. In addition, the Price Watch Agreement and Amendment contained a renewal provision whereby the agreement would be renewed without affirmative action by Mahar.

8. On or about February 2, 2005, on behalf of and as agent for Mahar, Northeast Energy executed an Electricity Supply Agreement with Constellation, an electricity supplier, to provide electricity for Mahar until December 1, 2008.

9. On or about July 15, 2008, the Price Watch Agreement was renewed following written notice to Mahar, and Mahar's non-response thereto.

10. A copy of Northeast's July 15, 2008 notice to Mahar is attached as Exhibit C.

11. On or about August 1, 2008, pursuant to the renewed Price Watch Agreement, Northeast Energy, on behalf of and as agent for Mahar, executed another Electricity Supply Agreement on Mahar's behalf, procuring electricity services from Constellation until December 31, 2013 for a fixed price.

12. A copy of the August 1, 2008 Electricity Supply Agreement is attached as Exhibit D.

13. Mahar received written notice of the August 1, 2008 Electricity Supply Agreement and did not deliver a revocation notice thereto.

14. On November 2, 2009, Mahar sought an advisory opinion from the Massachusetts Inspector General concerning the application of Massachusetts General Laws Chapter 30B to the Price Watch Agreement.

15. On May 18, 2010, the Inspector General issued an advisory letter opinion, which concluded that the Price Watch Agreement was not within the exemption provided by G.L. c. 30B, § 1(b)(33) for contracts for "energy or energy related services."

16. A copy of the Inspector General's May 18, 2010 advisory opinion letter is attached as Exhibit E.

17. On November 24, 2010, the Inspector General informed the Town of Arlington that, "[d]ue to [the instant] litigation, this Office is reserving comment on the energy exemptions and the applicability of M.G.L. c.30B to the services of an energy broker."

18. A copy of the Inspector General's letter to the Town of Arlington is attached hereto as Exhibit F.

19. Northeast commenced this action seeking a declaratory judgment that the Price Watch Agreement is exempt from Chapter 30B as a contract for "energy related services," pursuant to G.L. c. 30B, § 1(b)(33), and is therefore valid and enforceable.

20. Mahar contends in its counterclaim and third-party complaint against Constellation that the Price Watch Agreement is subject to Chapter 30B and is therefore invalid because it was not subject to competitive bidding and/or because it contains an automatic renewal provision.

21. These disputed questions of state law are central issues in this case, and there is no controlling precedent in the decisions of the Supreme Judicial Court or the Massachusetts Appeals Court. The exemption provided by G.L. c. 30B, § 1(b)(33) for contracts "for energy or energy related services" appears not to have been interpreted by any court.

## Questions Certified

The following questions are hereby certified to the Supreme Judicial Court, pursuant to SJC Rule 1:03.

(a) Is a contract between a school district and an energy broker for the procurement of contracts for electricity exempt from the requirements of G.L. Chapter 30B as a contract for "energy or energy related services" pursuant to G.L. c. 30B, § 1(b)(33)?

(b) If Chapter 30B is interpreted to apply to a contract between a school district and an energy broker for the procurement of contracts for electricity, does this interpretation apply retroactively to 2004, to 2008, or only prospectively?

(c) If M.G.L. Chapter 30B applies to the contract, does a provision providing for automatic renewal of the contract term with a public entity, without the public entity's affirmative approval, violate M.G.L. chapter 30B?

SO ORDERED.

Dated: July 7, 2011

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge